IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER CARSTENS, ) <br> ORTHOPAEDIC SOLUTIONS, INC., and ) <br> CHRISTOPHER TOZIER, ) <br> ) <br> Defendants. ) | Case No. 13-00101-01/03-CR-W-HFS |

ORDER

This matter is currently before the Court on a Motion to Sever filed by defendants Christopher Carstens and Orthopaedic Solutions, Inc. (doc #30). For the reasons set forth below, this motion is denied.

I. INTRODUCTION

On November 14, 2013, the Grand Jury returned a fifteen-count superseding indictment against defendants Christopher Carstens, Orthopaedic Solutions, Inc., and Christopher Tozier, d/b/a Med Solutions. The first nine counts of the superseding indictment charge only defendants Carstens and Orthopaedic Solutions, Inc., and the last four counts charge only defendant Tozier. All three defendants are charged in Counts Ten and Eleven. The superseding indictment sets forth the following, in part:

The Defendants

\* \* \*

26. Between 2008 and 2011, Carstens, Orthopaedic Solutions, and Tozier – aided and abetted by each other and others – caused the sale and

introduction of the following FDA-regulated products into interstate commerce: (a) a foreign version of the prescription drug Botox (hereafter, referred to as "foreign Botox"), which was an unapproved new drug and a misbranded drug; and (b) two foreign versions of the prescription device, Juvederm (hereafter, the foreign versions are referred to as "Juvederm 2" and "Juvederm 3," respectively), which were misbranded and adulterated devices.

27. Between 2008 and 2011, approximately 5,879 units of foreign Botox, Juvederm 2, and Juvederm 3 were distributed by Carstens and Orthopaedic Solutions through their sales representatives to doctors or other health care professionals in the United States, at a retail value of approximately $3,058,183.45.

(Doc #19 at 10-11)

The following charges are brought against defendants in the superseding indictment:

**Defendants Carstens and Orthopaedic Solutions, Inc.**, are charged with committing mail fraud on **August 19 and 20, 2009**, by causing to be sent and delivered by FedEx a biological product and drug that the FDA had not approved (**foreign Botox**) for the purpose of executing a scheme to defraud and to hide their fraudulent scheme from doctors and health care professionals (**Count One**); with the introduction into interstate commerce on **August 19 and 20, 2009**, of an unapproved new drug (**foreign Botox**) (**Count Two**); and with the introduction into interstate commerce on **August 19 and 20, 2009**, of a misbranded drug (**foreign Botox**) (**Count Three**).

**Count Ten** charges **defendants Carstens, Orthopaedic Solutions, Inc., and Tozier** with smuggling goods into the United States, specifically: from on **August 19, 2009 to August 20, 2009**, defendants did receive, sell, and facilitate the transportation and sale of the prescription drug, **foreign Botox**, after importation, and knowing the same to have been brought into the United States contrary to the prohibition against introducing misbranded drugs into interstate commerce.

**Defendants Carstens and Orthopaedic Solutions, Inc.**, are charged with the introduction into interstate commerce of an adulterated and misbranded device (**Juvederm 3**) on **August 24 to September 2, 2009** (**Counts Four and Seven**), on **March 16 to 24, 2010** (**Counts Five and Eight**), and on **December 21 to 28, 2010** (**Counts Six and Nine**).

**Count Eleven** charges **defendants Carstens, Orthopaedic Solutions, Inc., and Tozier** with smuggling goods into the United States, specifically: from on **August 24, 2009 to January 6, 2011**, defendants did receive, sell, and facilitate the transportation and sale of the

prescription device, **Juvederm 3**, after importation, and knowing the same to have been brought into the United States contrary to the prohibition against introducing adulterated devices into interstate commerce.

Count Twelve charges defendant Tozier with smuggling foreign Botox into the United States from November 29, 2011 to May 21, 2013. Defendant Tozier is charged with the introduction into interstate commerce of a misbranded drug (foreign Botox) from March 15 to March 24, 2010 (Count Thirteen) and from November 29, 2011 to May 21, 2013 (Count Fifteen). **Count Fourteen** charges **defendant Tozier** with the introduction into interstate commerce of an adulterated device (**Juvederm 3**) from **December 28, 2010 to January 6, 2011**.

## II. DISCUSSION

A. <u>Defendants Are Properly Joined In This Action</u>

As set forth by the Eighth Circuit Court of Appeals in <u>United States v. Delpit</u>, 94 F.3d 1134 (8th Cir. 1996):

> Under Fed.R.Crim.P. 8(a), offenses may be joined if they are of the same or similar character, or are based on the same act or transaction, or on different acts or transactions which are part of a "common scheme or plan." Defendants may be joined if "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting [the] offense …." Fed.R.Crim.P. 8(b). See <u>United States v. Darden</u>, 70 F.3d 1507, 1526-27 (8th Cir.1995)(joined defendants and counts were factually interrelated). Importantly, not every defendant joined must have participated in every offense charged. See <u>United States v. Jones</u>, 880 F.2d 55, 62-63 (8th Cir. 1989).

<u>Delpit</u>, 94 F.3d at 1143.

The question of whether joinder is proper is to be determined from the face of the indictment. See <u>United States v. Wadena</u>, 152 F.3d 831, 848 (8th Cir. 1998)("[a]n indictment must reveal on its face a proper basis for joinder"), <u>cert.</u> <u>denied</u>, 526 U.S. 1050 (1999); <u>United States v. Jones</u>, 880 F.2d 55, 62 (8th Cir. 1989)("the superseding indictment reveals on its face a proper basis for joinder"). Based on the factual allegations in the superseding indictment, it is clear that the charges in Count Ten (that on August 19 and 20, 2009, defendants Carstens, Orthopaedic Solutions, Inc., and Tozier smuggled foreign Botox into the United States), and

Count Eleven (that from August 24, 2009 to January 6, 2011, defendants Carstens, Orthopaedic Solutions, Inc., and Tozier smuggled Juvederm 3 into the United States) satisfy the requirement that defendants are alleged to have participated in the same act or in the same series of acts constituting an offense. The other offenses charged against the defendants are of the same or similar character. There is no misjoinder in this case.

> B. Defendants Carstens and Orthopaedic Solutions, Inc. Are Not Prejudiced By The Joinder

"When defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." United States v. Casteel, 663 F.3d 1013, 1018 (8th Cir. 2011)(quoting United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009)). In addition, there is a preference in the federal system for joint trials of defendants who are indicted together. See Zafiro v. United States, 506 U.S. 534, 537 (1993). However, Rule 14, Federal Rules of Criminal Procedure, permits severance where joinder would result in unfair prejudice to a defendant. The decision to sever lies in the trial court's discretion. See United States v. Shivers, 66 F.3d 938, 939 (8th Cir.), cert. denied, 516 U.S. 1016 (1995).

Defendants Carstens and Orthopaedic Solutions, Inc. set forth the following arguments as to how they would be prejudiced by a joint trial:

> The defendants, Christopher Carstens and Orthopaedic Solutions, Inc. will present mutually antagonistic defenses at trial. Christopher Carstens and Orthopaedic Solutions, Inc. intend to assert that Christopher Tozier is solely responsible for any and all of the illegal activities alleged and that there was never any collusion or abetting between the defendants for any illegal activity. … Given the number of similar charges, a jury may become confused and interpret evidence. … This confusion would be compounded by the fact that Christopher Carstens and Christopher Tozier share a common given name. Such similarity, combined with the complexity of the case, could lead a jury into misinterpreting evidence against Christopher Tozier as evidence against Christopher Carstens and Orthopaedic

4

Solutions, Inc. prevent[ing] it from reaching a reliably accurate verdict. …

(Motion to Sever (doc #30) at 2-3) In their reply brief, defendants expounded on these arguments:

> The defenses that will be put forth for Defendants Christopher Carstens and Orthopaedic Solutions, Inc., on the one hand, and Christopher Tozier, on the other, are mutually antagonistic. … The interpretation of events is likely to differ radically between the defendants, so that the very existence of the conflict might cause a jury to infer guilt where none exists.
>
> Further, the Government argues that the given name shared by defendants does not threaten the ability of the jury to compartmentalize evidence. … All it would take is for the Government or any witness to refer to an incriminating act committed by "Chris" or "Christopher" to confuse the jury. This could easily happen quite by accident, even if the Government and witnesses were instructed to refer to defendants by last name only. Allowing the joint trial to proceed would expose the defendants to being held liable for the actions of each other simply on account of their similar names, which would rob them all of their rights to a fair trial. …

(Defendant Christopher Carstens and Defendant Orthopaedic Solutions, Inc.'s Reply to Government's Opposition of Defendants' Motion to Sever (doc #35) at 2-3)

Defendants' first argument for prejudice, mutually antagonistic defenses at trial, must fail. Mutually antagonistic or irreconcilable defenses are those which force the jury to disbelieve the core of one defense in order to believe the core of the other. See Hood v. Helling, 141 F.3d 892, 896 (8th Cir.), cert. denied, 525 U.S. 1004 (1998); United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989). Mutually antagonistic defenses are not prejudicial per se. See Zafiro v. United States, 506 U.S. 534, 538 (1993). The mere fact that one defendant tries to shift blame to another defendant does not mandate a separate trial. See United States v. Basile, 109 F.3d 1304, 1309-10 (8th Cir.), cert. denied, 522 U.S. 873 (1997); United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996)("co-defendants are often hostile to one another, and one will try frequently to 'point the finger,' to shift blame or to save himself at the expense of the other"); United States v. Shivers, 66

F.3d 938, 940 (8th Cir. 1995)("the jury was free to disbelieve … both of their shift-the-blame-to-the-other-defendant stories"). A defendant is entitled to a severance based on the antagonistic defense of a co-defendant only if there is a danger that the jury will infer that the conflict in defenses alone demonstrates that both defendants are guilty. See United States v. Payton, 636 F.3d 1027, 1037 (8th Cir.), cert. denied, 132 S.Ct. 349 (2011); United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir.), cert. denied, 131 S.Ct. 202 (2010); Basile, 109 F.3d at 1310; Delpit, 94 F.3d at 1143. Defendants have not made such a showing.

Defendants Carstens and Orthopaedic Solutions, Inc. next argue that they may be prejudiced by evidence presented against defendant Tozier. While prejudice may occur if the jury is unable to compartmentalize the evidence against each defendant, this potential problem can normally be resolved through applicable jury instructions. See United States v. Delpit, 94 F.3d 1134, 1144 (8th Cir. 1996)("we presume, as we must, that juries can and do follow instructions conscientiously, evaluate evidence carefully, and judge defendants individually"); United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992)("Disparity in the weight of the evidence as between ... parties does not entitle one to severance ... In addition, the district court gave precautionary instructions advising the jury of the proper use of evidence as related to each defendant and each charge"); United States v. McConnell, 903 F.2d 566, 571 (8th Cir. 1990), cert. denied, 498 U.S. 1106 (1991)("the roles of the individual [defendants] were sufficiently distinct that the jury, aided by the court's instructions, could compartmentalize the evidence against each defendant"); United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989).

The Court notes that defendants Carstens and Orthopaedic Solutions, Inc. are charged in eleven counts of the superseding indictment and that defendant Tozier is charged in only six counts. There is no reason to question that any possible prejudice to defendants Carstens and

Orthopaedic Solutions, Inc. resulting from evidence presented against defendant Tozier which is not admissible against Carstens and Orthopaedic Solutions, Inc. cannot be resolved through precautionary jury instructions. Also, there is no reason to question that the jury will be unable to compartmentalize the evidence as to two defendants who, while they share the same first name of Christopher, have different last names.

### III. CONCLUSION

The Court must balance the burden and cost of separate trials against the possible prejudice to defendants. In this case, the burden and costs of separate trials outweigh any possible prejudice asserted by defendants. Therefore, it is

ORDERED that the Motion to Sever (doc #30) is denied.

／s／ *Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE